PER CURIAM.
SUPREME COURT OF FLORIDA
Tallahassee
February 6, 1968
Honorable Claude R. Kirk,
Governor of Florida
The Capitol
Tallahassee, Florida.
Dear Governor:—
We have the honor to acknowledge your communication of February 5th, 1968, requesting our advice pursuant to Section 13, Article IV, Constitution of Florida, F.S.A., relating to certain executive powers and duties.
Omitting the formal parts, your letter reads as follows
“Pursuant to the provisions of Section 13 of Article IV, Florida Constitution, the Governor is authorized to request the opinion of the Justices of the Supreme Court as to the interpretation of any portion of the Constitution upon any question affecting the Governor’s executive powers and duties.
“According to the provisions of Section 8, Article IV, Florida Constitution, the Governor is authorized to call the Legislature into special session. Under the provisions of Section 2, Article III, Florida Constitution, it is specifically provided that, ‘No special session convened *642 by the Governor shall exceed twenty days.’
“On January 20, 1968 I issued a proclamation calling the Legislature into special session beginning at 10:00 A.M., January 29, 1968 for a stated period less than twenty days and until 5:00 P.M., February 9, 1968. It is my intention to extend this special session for an additional fixed period not to exceed twenty days. However, before doing so it is necessary that I receive clarification of my executive authority under the aforementioned provision of the Constitution, particularly with regard to the executive authority to ‘extend’ such a special session as distinguished from calling for a ‘new’ special session.
“Of great concern are such matters as executive appointments and suspensions which have been transmitted to the Senate during the present special session as well as those bills which have been introduced and committee appointments made during this special session. In the event that I do not have the authority to extend the current special session, then it would be necessary to reissue orders of appointment and suspension as well as for legislation to be reintroduced during this new session.
“Therefore, I have the honor to request your opinion of the following question:
“When the Legislature is convened into special session pursuant to the executive proclamation outlined above, am I authorized under the Constitution to extend such special session to preserve executive and legislative action taken during the prior-called special session, or would such extended session be considered a ‘new’ session so as to necessitate new executive and judicial action ?
“Since time is of the essence, your early reply will be greatly appreciated.”
We find it proper under the limits of our constitutional authority to answer your inquiry.
Section 2, Article III, Constitution of Florida, among other things, provides:—
“The regular sessions of the legislature shall be held biennially, commencing on the first Tuesday after the first Monday, in April, 1887, and on the corresponding day of every second year thereafter, but the governor may convene the same in extra session by his proclamation. Regular sessions of the legislature may extend to sixty (60) days, but no special session convened by the governor, shall exceed twenty (20) days.” (Emphasis supplied).
Section 8, Article IV, provides:—
“The governor may, on extraordinary occasions, convene the legislature by proclamation, and shall in his proclamation state the purpose for which it is to be convened, and the legislature when organized shall transact no legislative business other than that for which it is especially convened, or such other legislative business as the governor may call to its attention while in session, except by a two-thirds vote of each House.”
In our advisory opinion to you of January 11th, 1968, you were advised that, although you were authorized to call an extra session up to twenty days, you had the right to issue a call for a period of time to be determined by you less than, but not in excess of, that period. We glean from your current request that on January 20th, 1968 you issued a proclamation calling the Legislature into extra session beginning at 10 a. m. January 29th, 1968 for a period of less than twenty days. We take judicial notice that your proclamation limited the extra session, now in progress, to a period of ten days. You now desire to extend the current extra session for an additional period, the total of which will not exceed twenty days.
It is our opinion and you are advised that when Section 2, Article III, and Section 8, Article IV, of the Constitution of Florida, are read in conjunction, the two sections empower you to convene an extra *643 session for a period of not more than twenty-days. In view of the fact that your proclamation of January 20th, 1968, spends your executive power for only ten of the twenty days authorized, you still possess unspent power to extend and continue the extra session, now in progress, for an additional period of time, so long as the total period for the total extra session does not exceed twenty days.
The present ten day extra session can be extended by you while it is in progress, for an additional period limited as above stated, but the power to use this unspent executive authority for ten additional days would not necessarily survive if the present extra session should be permitted to adjourn prior to your proclamation of extension.
Respectfully,
MILLARD F. CALDWELL
Chief Justice
ELWYN THOMAS
B. K. ROBERTS
RICHARD W. ERVIN
ALTO ADAMS
Justices
SUPREME COURT OF FLORIDA
Tallahassee
February 6, 1968
Honorable Claude Kirk, Jr.
Governor of Florida
Capitol Building
Tallahassee, Florida
Dear Governor Kirk:
For the reasons fully set forth in our advisory under date of January 10th, 1968, you are not, in our opinion, authorized, under the Constitution or otherwise, to extend the term of any special session of the Legislature. If the work of a special session is not concluded within the time prescribed by the Constitution, the Governor may by proclamation call repeated twenty day sessions until the purpose of the call is accomplished. We adhere to the view that the Florida Constitution contemplates that the Legislature should function free of executive control over the length of its sessions.
Sincerely yours,
E. HARRIS DREW
CAMPBELL THORNAL
Justices